IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| ALEXANDER E. JONES § | CASE NO. 22-60043 | |
| § | SDTX (Lopez) | |
| Debtor. § | | |

| | | |
|---|---|---|
| NEIL HESLIN and SCARLETT LEWIS § | | |
|     Plaintiffs § | | |
| § | | |
| VS. § | ADVERSARY NO. _____ | |
| § | | |
| ALEX E. JONES and FREE SPEECH § | | |
| SYSTEMS, LLC § | | |
|     Defendants § | | |

**NOTICE OF REMOVAL**

TO THE HONORABLE
UNITED STATES BANKRUPTCY JUDGE:

Christopher R. Murray, the chapter 7 trustee ("Trustee") appointed for the bankruptcy estate of Alexander E. Jones ("Estate"), files this Notice of Removal of the state court action styled *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC,* Cause No. D-1-GN-18-001835, pending in the 261st Judicial District Court of Travis County, Texas (the "State Court Action").

### I.  Procedural Background and Nature of Suit

1. On April 16, 2018, Neil Heslin and Scarlett Lewis ("Plaintiffs") filed their Original Petition against Alex E. Jones and Free Speech Systems, LLC ("Defendants"), initiating the State Court Action.

2. On December 2, 2022, Alexander E. Jones ("Debtor") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code")[Dkt. 1], commencing the bankruptcy case captioned *In re Alexander E. Jones,* Case No. 22-33553, pending

Page 1

before the United States Bankruptcy Court Southern District of Texas, Houston Division (Hon. Christopher M. Lopez, presiding) ("Jones Bankruptcy Case").

3. On June 14, 2024 ("Conversion Date"), the Bankruptcy Court entered an Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code ("Conversion Order")[Dkt. 708].

4. On June 14, 2024, the Trustee was appointed to serve as the chapter 7 trustee in the Jones Bankruptcy Case. [Dkt. 709].

5. The Debtor's 100% membership interest in Free Speech Systems, LLC ("FSS"), including rights under the membership agreement of FSS, constitutes non-exempt property under applicable non-bankruptcy law and is property of the Estate in the Jones Bankruptcy Case pursuant to 11 U.S.C. §541.

6. On July 29, 2022, FSS filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code, initiating Case No. 22-60043 pending before the United States Bankruptcy Court Southern District of Texas, Houston Division (Hon. Christopher M. Lopez, presiding)(the "FSS Bankruptcy Case") [Dkt. 1].

7. On June 21, 2024, the Bankruptcy Court entered an Order Dismissing Case ("Dismissal Order")[Dkt. 956], effectuating a dismissal of the FSS Bankruptcy Case, subject to certain conditions outlined in the Dismissal Order and the retention of certain related matters.

8. Also on June 21, 2024, in the State Court Action, Plaintiffs' filed Plaintiffs' Application for Turnover Order.

9. Also on June 21, 2024, in the "A" case related to the State Court Action, Plaintiffs filed Plaintiffs' Application for Post-Judgment Writ of Garnishment. With respect to the Plaintiff's Application for Post-Judgment Writ of Garnishment, the garnishee is Cadence Bank.

## II. Basis for Removal

10. This Notice of Removal is filed pursuant to 28 U.S.C. §1452, Bankruptcy Rule 9027, and Local Bankruptcy Rule 9027.

11. The State Court Action was initiated prior to the commencement of the Jones Bankruptcy Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2).

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. The Trustee intends to file a separate motion to transfer this matter to the United States Bankruptcy Court Southern District of Texas, which has jurisdiction over the Jones Bankruptcy Case as well as certain matters in the FSS Bankruptcy Case.

13. Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Action is a civil action, other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

14. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Jones Bankruptcy Case and the FSS Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

15. The outcome of the State Court Action will have a direct impact on property of the Estate in the Jones Bankruptcy Case as well as administration the Estate. Additionally, the outcome of the State Court Action will have a direct impact on those matters retained by the Bankruptcy Court in the FSS Bankruptcy Case under the Dismissal Order. Accordingly, the requirements of 28 U.S.C. § 1334(b) are satisfied and removal is proper under 28 U.S.C. §1452(a).

### III. Core or Non-Core Bankruptcy Jurisdiction

16. This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C)(E)(G)(M) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

17. Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge in the bankruptcy court.

### IV. Parties and Notice

18. Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 261st Judicial District Court of Harris County, Texas.

19. The names and addresses of the parties and counsel in the State Court Action, who have or will be served with this Notice of Removal are as follows:

| **COUNSEL FOR PLAINTIFFS** | **KASTER LYNCH FARRAR & BALL LLP**<br>Mark D. Bankston<br>Willim R. Ogden<br>1117 Herkimer<br>Houston, Texas 77008 | **LAWSON & MOSHENBERG, PLLC**<br>Avi Moshenberg<br>801 Travis St., Suite 2101 #38<br>Houston, Texas 77002 |
|---|---|---|

Page 4

| | | |
|---|---|---|
| **COUNSEL FOR DEFENDANTS** | **THE REYNAL LAW FIRM PC** <br> Federico Andino Reynal <br> 917 Franklin St., Fl. 6 <br> Houston, Texas 77002 <br><br> **CROWE & DUNLEVY PC** <br> Vickie L. Driver <br> 2525 McKinnon St. Suite 425 <br> Dallas, Tx 75201 | **MARTIN DISIERE JEFFERSON & WISDOM** <br> Christopher W. Martin <br> John Andrew Laboon <br> 808 Travis St. Suite 1100 <br> Houston, Texas 77002 |
| **GARNISHEE** | **CADENCE BANK** <br> c/o Registered Agent CT Corporation System <br> 1999 Bryan St. Suite 900, Dallas, Texas 75201 | |

## V.    Process and Pleadings

20.    Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "1") will be filed upon removal.

21.    In the State Court Action, all original parties have been served with summons. It is unclear whether Cadence Bank (the intended garnishee) has been served with a copy of Plaintiffs' Application for Writ of Garnishment.

22.    In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Western District of Texas, Austin Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: June 24, 2024.

Respectfully submitted,

By: */s/ Erin E. Jones*
Erin Elizabeth Jones
Texas Bar No. 24032478
**JONES MURRAY LLP**
602 Sawyer, Suite 400
Houston, TX 77007
Telephone: 832-529-1999
Email: erin@jonesmurray.com

AND

By: */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
State Bar No. 24038592
**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

**COUNSEL FOR CHRISTOPHER R. MURRAY, TRUSTEE**

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2024, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail to the following:

| | | |
|---|---|---|
| **COUNSEL FOR PLAINTIFFS** | **KASTER LYNCH FARRAR & BALL LLP**<br>Mark D. Bankston<br>Willim R. Ogden<br>1117 Herkimer<br>Houston, Texas 77008 | **LAWSON & MOSHENBERG, PLLC**<br>Avi Moshenberg<br>801 Travis St., Suite 2101 #38<br>Houston, Texas 77002 |
| **COUNSEL FOR DEFENDANTS** | **THE REYNAL LAW FIRM PC**<br>Federico Andino Reynal<br>917 Franklin St., Fl. 6<br>Houston, Texas 77002<br><br>**CROWE & DUNLEVY PC**<br>Vickie L. Driver<br>2525 McKinnon St. Suite 425<br>Dallas, Tx 75201 | **MARTIN DISIERE JEFFERSON & WISDOM**<br>Christopher W. Martin<br>John Andrew Laboon<br>808 Travis St. Suite 1100<br>Houston, Texas 77002 |
| **GARNISHEE** | **CADENCE BANK**<br>c/o Registered Agent CT Corporation System<br>1999 Bryan St. Suite 900, Dallas, Texas 75201 | |

*/s/ Erin E. Jones*