IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | CHAPTER 7 |
| | § | |
| **FREE SPEECH SYSTEMS LLC,** | § | Case No. 22-60043 |
| | § | |
| | § | |
| **NEIL HESLIN AND SCARLETT LEWIS** | § | |
| Plaintiffs, | § | |
| | § | ADVERSARY NO. 24-03229 |
| **CHRISTOPHER R. MURRAY, ALEX E.** | § | |
| **JONES, AND FREE SPEECH** | § | |
| **SYSTEMS, LLC** | § | |
| Defendants. | § | |
| | § | |

**MOTION FOR RECONSIDERATION AND FOR CLARIFICATION**
[Dkt. #44]

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

TO THE CHRSTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Jones"), individually and as manager of Free Speech Systems, LLC ("FSS") and files this Motion for Reconsideration and for Clarification of this Court's Order Regarding Remand of a removed state court action involving *Neil Heslin and Scarlett Lewis v. Cadence Bank and Alex E. Jones and Free Speech Systems, LLC*, cause No. D-1-GN-18-001835 (the "Turnover Action") [Removed Adversary 24-03229 – Stipulation Dkt. #44] and *Neil Heslin and Scarlett Lewis v. Cadence Bank and Alex E. Jones and Free Speech Systems, LLC*, cause No.

D-1-GN-18-003882 (the "Garnishment Action") [Removed Adversary 24-03228 - Stipulation Dkt. #45] accomplished by only a "*Stipulations and Agreed Order Regarding Remand*" (the "Stipulation") by and among less than all the parties to either the Turnover Action or the Garnishment Action, filed without any request of this Court to set a hearing or set a date for consideration of the statement of relief (there is no "request" or "prayer" for relief in the Stipulation form submitted), and would show as follows:

## I.
## PRELIMINARY STATEMENT
## OF BACKGROUND FACTS

1. This Court has entered two prior Orders dealing with the transfer of assets of FSS, both of which are now final after dismissal of an appeal referenced below. The first Order resulted in the transferring all the cash accounts and all cash of FSS to the Chapter 7 Estate of Alexander E. Jones, Chris Murray Chapter 7 Trustee (the "Initial Cash Order") FSS Dkt. #956. The Initial Cash Order became a final order as no party in interest appealed within 14 days.

2. Next came two removals from State Court arising from the collection efforts of the Texas Plaintiffs – the Turnover Action and the Garnishment Action - which were both filed after this Court's Initial Cash Order, and both removed by the Trustee to prevent the attempted Garnishment and Turnover of the FSS cash funds accounts.

3. Thereafter, a second Order was entered by this Court transferring all other assets of FSS to the Chapter 7 Estate of Alex E. Jones, Chris Murray Chapter 7 Trustee (the "Supplemental Order") FSS Dkt. #1021. Importantly, the Supplemental Order also provided that "the Chapter 7 Trustee is authorized to operate the business of FSS pursuant to Section 721 for a period not to exceed one year." *Id*. The Texas Plaintiffs appealed the Supplemental Order to the District Court but did not seek a stay of that Order. The Connecticut Plaintiffs intervened in the appeal, and likewise did not seek a stay of that Order. The Trustee and Plaintiffs sought to enforce the

Supplemental Order by conducting two failed auctions.

4. Thus, after the Supplemental Order appeal by the Texas Plaintiffs and intervention in the appeal by the Connecticut Plaintiffs (collectively Connecticut Plaintiffs and Texas Plaintiffs are sometimes the "Plaintiffs"), the Trustee and Plaintiffs actively sought to conduct an auction sale of all of the assets of FSS through two attempted auctions – both designed, however, to result in the Plaintiffs' owning the asset.[1]

5. Also, during this time, the Trustee continued the operations of FSS. The Trustee could not operate the FSS business without the aid and assistance of Jones who cooperated in its operations. Since the Initial Order, the Trustee has been in possession of all of the cash assets of FSS and has distributed more than $2 million of those cash assets as professional fee payments in reliance on the Initial Order and the Supplemental Order.

6. The FSS operations were successful in generating additional cash for the Jones Estate until (in a premature announcement to The Onion and the public announcement of the winning bid to "The Onion" in the first auction attempt) the Trustee shut down all FSS operations and permitted The Onion to publish that it had purchased the InfoWars assets, resulting in crashing daily sales from an average of $70,000.00 a day or more to less than $15,000.00 a day *beginning the day after the shutdown* and The Onion announcement. In fact, sale have never returned to pre-auction levels.

7. Both auctions were initiated and conducted by the Trustee with the active participation of Plaintiffs. Both auctions had a bidder for cash higher than any other cash bidder (for instance, The Onion cash portion of its bid was less than one-half of the other bidder with all other consideration being based on credits from the Connecticut Plaintiffs non-final judgment. The

---

[1] Recall that the Connecticut Plaintiffs have, through numerous sources, announced that they were not interested in cash dividends, but in buying and destroying the value of the FSS assets in their effort to destroy the "Alex Jone brand" to further their political agenda. [See, Jones Auction Motion].

Plaintiffs' efforts to acquire the FSS assets and the Trustees two attempts to arrange the auctions so that Plaintiffs would be the successful bidders were denied by the Bankruptcy Court as effort did not fulfill the purpose of the Supplemental Order.

8. With both failed bids, this Court announced its oral decision to not continue the auction process and ultimately, when the sole all-cash bidder sought to re-energize the auction process with an $8 million bid, this Court entered its order voiding the Supplemental Order. At that point, Jones (individually and on behalf of FSS) sought to point out to the Court that the Supplemental Order was on appeal and the Court could not void or modify the order but could enforce or interpret the order. This notice accompanied Jones Motion to Reconsider the Auction so as to reinitiate the auction process (the "Jones Auction Motion"). The Court has subsequently agreed with Jones' proposition that no jurisdiction existed for the court to void the order while on appeal.

9. However, after the Jones Auction Motion was filed and served on the Trustee and Plaintiffs, those parties responded by:

    a. First, dismissing, on May 6, 2025, the Supplemental Order appeal, which became a final, non-appealable order not later than June 3, 2025 such that no motion under Rule 59(3) motion was filed, or *sua sponte* order entered by the 28-day deadline. Likewise, since the dismissal, no Rule 60(b) Motion has been filed and accordingly the Supplemental Order is final and in force.

    b. Next, on May 5, 2025, the Trustee and Texas Plaintiffs jointly filed the unsigned Stipulation and Agreed Order Regarding Remand (Dkt #43) which was uploaded to court ECF filing system that day.[2] This was the only pleading filed regarding the

---

[2] The Certificate of Service states that it was served on counsel for all parties receiving or entitled to notice through CM/ECF on May 5, 2025: Vickie Driver, Christopher Martin and Andino Reynal are all listed as counsel for Alex Jones and would have received notice via ECF on May 5, 2025.

Stipulation. Importantly, the Stipulation:

    i.    Does not ask for relief but is only drafted in the form of a proposed Order that would normally accompany a Motion seeking relief, just as the original Motion to Remand [Dkt. #9] of a year earlier contained the request for relief, prayer for relief, and the Local Rule 21-day Notice Language. The Stipulation references an order of this Court but does not contain any language asking the Court to consider the Stipulation and upon timely notice and opportunity to be heard, approved by the Court. There is no accompanying Motion seeking relief in accordance with the Code or Local rules, and no prayer for relief.

    ii.    The Stipulation did not have a certificate of service as the Motion to Remand of a year earlier. Here, there was no hearing set on the proposed Stipulation Order nor was there any pleading seeking a hearing after 21 days nor any affirmative relief or even any attached declaration and supporting evidence of the factual allegations made in the Stipulation.

    iii.    The Stipulation does not include an agreement or stipulation by all parties to the Adversary Proceeding and certainly does not contain any agreement by any of the three counsel of record for FSS or Jones to a remand of the removed case.

    iv.    The Agreed Stipulation Order is fatally ambiguous as follows:

        1.    ¶ 4, pg. 2: "<u>The Court retains exclusive jurisdiction over property of the **Estate** and any other property or interests under the control of the Trustee, including 100% equity interest in FSS</u>." The Stipulation was filed in the estate of Free Speech Systems LLC [case No. 22-60043] and

Adversary No. 24-03229, however, the FSS assets are in the Alexander E. Jones Chapter 7 Estate. It is impossible to know what "Estate" is referenced (the FSS estate or the Jones estate) and what "other property or interests" are being reference.

2. Likewise, the Stipulation does not comply with local rules for a pleading seeking relief (e.g., the notice language mandated by the local rules) nor does it make any effort to inform any party that the Stipulation seeks an order approving the Stipulation.

3. Both FSS and Jones are parties to these removed adversaries and were represented by counsel. The Motion for Remand named three lawyers for FSS and Jones in its certificate of service. Although the three counsel of record for Jones and FSS were served an ECF copy of the unsigned Stipulation, because no action was threatened nor request for relief made, counsel reasonably believed no response was deemed needed to the Stipulation at that time.

v. However, on May 27, 2025, this Court signed the Stipulation and Agreed Order Regarding Remand (Dkt. #44) without a hearing and without notice required by the Code and Local Rules.

## II.
## JURISDICTION TO RECONSIDER

10. The Agreed Stipulation Order is not a final order and may be reconsidered.

11. A party also has standing to challenge a judgment under Federal Rule of Civil Procedure Rule 60(b)(4) on due process grounds if the party or nonparty's property rights were affected. *See Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.)*, 759 F.2d 1440, 1445 (9th Cir. 1985); *In re Remington Park Owners Ass'n*, 548 B.R. 108, 117

(Bankr. E.D. Va. 2016).

12. There are two potential reasons to consider a judgment "void" for violation of due process. The first is a lack of notice. The second is where the court itself violates due process by depriving a party of the opportunity to be heard, whether by its own action or by improperly allowing a party's action. *See id; Otte v. Manufacturers Hanover Commercial Corp. (In re Texlon Corp.),* 596 F.2d 1092, 1099 (2d Cir. N.Y. 1979); *See, also In re Waters*, No. 99-31833, 2011 Bankr. LEXIS 3245, at *46 (Bankr. D. Conn. Aug. 23, 2011).

13. Here the basis for reconsideration is the injustice to the parties and bankruptcy system itself – the denial of due process. Fed.R.Civ.P. 60(b)(6) can be invoked "in extraordinary circumstances" that include cases where the order to be reconsidered involves "***the risk of injustice to the parties' and the risk of undermining the public's confidence in the judicial process***." *Gonzales v. Davis*, 788 F. App'x 250, 253 (5th Cir. 2019) (*quoting Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988)) (Emphasis Added). Such is the case here.

### III.
### RELIEF SOUGHT

14. Jones and FSS seek reconsideration of this Stipulation Order. Initially, this Order is not a final order, and this Motion for Reconsideration is timely and prior to 14 days from its entry.

15. The manner and procedure utilized by the Trustee and Plaintiff does not reflect the requirement of the local rules for notice and hearing or even the 21-day mandatory language putting all parties and parties in interest of the intention to seek relief if no response or demand is timely made. This Court's docket reflects that the Texas Plaintiffs represented to the clerk that the Agreed Stipulation requested relief from the Court, which it does not:

| | | |
|---|---|---|
| 05/05/2025 | 43 (5 pgs) | Stipulation By Neil Heslin, Scarlett Lewis and Christopher R. Murray, Chapter 7 Trustee. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Neil Heslin, Scarlett Lewis ). (Hardy, Jennifer) (Entered: 05/05/2025) |

The confusion created by suggesting that the "document" (the Stipulation) "request(s) that the judge sign a document" is simply a misstatement. At best the Stipulation is the form of an Order that is submitted with a document seeking relief.

16. The procedure employed by the Trustee and Plaintiff violates Jones and FSS due process. The original Motion to Remand has remained on this Court's docket without the Trustee or the Texas Plaintiff seeking a hearing and ruling thereon. If the Trustee and Texas Plaintiffs claim that its year-old Motion is the Motion on which they rely to support the submission of an agreed Stipulation without further reference, such reliance is misplaced. Not seeking a hearing on a years-old motion waives the relief sought.

17. In particular, the Trustee, again acting on behalf of the Plaintiffs, states "that the circumstances have changed considerably since initially filing his opposition to remand of the Turnover Adversary, but fails to recite a single fact or law, much less any significant fact or law, that constitutes a considerable change. There is no evidence to support that entry of this Stipulation Order granting such significant relief as remanding a case without due process of a hearing or opportunity to be heard after mandatory notice of such requested relief.

18. However, the Trustee and Texas Plaintiffs have taken the position that this Court's Supplemental Order is void and if that is the basis by which the Trustee and Plaintiff believe circumstances have changed that position is unsupported by the record in this case.

19. Alternatively, this Court's Order on the Stipulation is ambiguous and if not set aside must be clarified.

WHEREFORE, Alex E. Jones, Individually and on behalf of Free Speech Systems, LLC requests this Court reconsider its order for remand

Dated: June 9, 2025

/s/ Shelby A. Jordan
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
         aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**CO-COUNSEL FOR ALEX JONES**

BEN C. BROOCKS
State Bar No. 03058800
Federal Bar No. 94507
WILLIAM A. BROOCKS
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM PLLC
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
**CO-COUNSEL FOR ALEX JONES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system and as stated below on June 9, 2025.

| | | |
|---|---|---|
| **Mark D. Bankston**<br>1117 Herkimer Street<br>Houston, TX 77008<br>713-221-7008<br>mark@fbtrial.com<br>  *Assigned: 06/24/2024* | representing | **Neil Heslin**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| | | **Scarlett Lewis**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| **Ryan E Chapple**<br>Cain & Skarnulis PLLC<br>303 Colorado Street<br>Suite 2850<br>Austin, TX 78701<br>512-477-5000<br>512-477-5011 (fax)<br>rchapple@cstrial.com<br>  *Assigned: 07/25/2024* | representing | **David Wheeler et al**<br>*(Creditor)* |
| **Vickie L Driver**<br>Driver Stephenson, PLLC<br>13155 Noel Road<br>Ste 900<br>Dallas, TX 75240<br>214-910-9558<br>vickie@driversteplaw.com<br>  *Assigned: 06/24/2024* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Alexander E. Jones**<br>xxxx xxxxxx<br>Austin, TX 78735<br>*(Defendant)* |
| **Jennifer Jaye Hardy**<br>Willkie Farr Gallagher LLP | representing | **Neil Heslin**<br>c/o McDowell Hetherington LLP |

| | | |
|---|---|---|
| 600 Travis St<br>Ste 2310<br>Houston, TX 77002<br>713-510-1766<br>jhardy2@willkie.com<br> *Assigned: 08/20/2024*<br><br> *Assigned: 05/05/2025* | | Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| | representing | **Scarlett Lewis**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| **Erin Elizabeth Jones**<br>Jones Murray LLP<br>602 Sawyer<br>Suite 400<br>Houston, TX 77007<br>832-529-1999<br>832-529-3393 (fax)<br>erin@jonesmurray.com<br> *Assigned: 06/24/2024* | representing | **Christopher Murray**<br>602 Sawyer St.<br>Suite 400<br>Houston, TX 77007<br>*(Defendant)* |
| **Stuart R. Lombardi**<br>Wilkes Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 728-8000<br>(212) 728-8111 (fax)<br>slombardi@wilkie.com<br> *Assigned: 08/20/2024* | representing | **Neil Heslin**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| **Christopher W Martin**<br>Martin Disiere et al<br>808 Travis St<br>Ste. 1100<br>Houston, TX 77002<br>713-632-1701<br>713-222-0101 (fax)<br>martin@mdjwlaw.com<br> *Assigned: 06/24/2024* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Alexander E. Jones**<br>xxxx xxxxxx<br>Austin, TX 78735<br>*(Defendant)* |

| | | |
|---|---|---|
| **Jarrod B. Martin**<br>Bradley Arant Boult Cummings LLP<br>600 Travis Street<br>Suite 5600<br>Houston, TX 77002<br>713-576-0388<br>jbmartin@bradley.com<br>  *Assigned: 07/23/2024* | representing | **Neil Heslin**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| | | **Scarlett Lewis**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| **Avi Moshenberg**<br>Lawson & Moshenberg PLLC<br>801 Travis St.<br>Ste 2101, #838<br>Houston, TX 77002<br>903-316-9155<br>avi.moshenberg@lmbusinesslaw.com<br>  *Assigned: 06/24/2024* | representing | **Neil Heslin**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| | | **Scarlett Lewis**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| **Federico Andino Reynal**<br>The Reynal Law Firm<br>917 Franklin<br>Sixth Floor<br>Houston, TX 77002<br>713-228-5900<br>areynal@frlaw.us<br>  *Assigned: 06/24/2024* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Alexander E. Jones**<br>xxxx xxxxxx<br>Austin, TX 78735<br>*(Defendant)* |

| | | |
|---|---|---|
| **Ciara Sisco**<br>Wilkes Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 728-8000<br>(212) 728-8111 (fax)<br>csisco@wilkie.com<br>  Assigned: 08/20/2024 | representing | **Neil Heslin**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| | | **Scarlett Lewis**<br>c/o McDowell Hetherington LLP<br>Attention: Avi Moshenberg<br>1001 Fannin Street<br>Suite 2700<br>Houston, TX 77002<br>*(Plaintiff)* |
| **Joshua W. Wolfshohl**<br>Porter Hedges LLP<br>1000 Main, 36th Floor<br>Houston, TX 77002<br>713-226-6000<br>713-228-1331 (fax)<br>jwolfshohl@porterhedges.com<br>  Assigned: 06/24/2024 | representing | **Christopher Murray**<br>602 Sawyer St.<br>Suite 400<br>Houston, TX 77007<br>*(Defendant)* |
|   Assigned: 07/23/2024 | representing | **Christopher Murray**<br>602 Sawyer St.<br>Suite 400<br>Houston, TX 77007<br>*(Defendant)* |
| Ben C. Broocks<br>William Broocks<br>Broocks Law Firm PLLC<br>248 Addie Roay Road Suite B301<br>Austin, Texas 78746<br>Phone: 512-201-2000<br>Fax: 512-201-2032<br>Email: bbrocks@broockslawfirm.com | representing | **Alexander E. Jones** |

*/s/ Shelby A. Jordan*
Shelby A. Jordan